**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RANDY DORSEY JR., ) | |
| ) | |
| Plaintiff, ) | Case No.: 13 cv 2020 |
| ) | |
| v. ) | |
| ) | JUDGE GUZMAN |
| P.O. Aldo Brown, Star No. 13838, P.O. ) | |
| George Stacker, Star No. 11034, and ) | MAGISTRATE JUDGE MARTIN |
| CITY OF CHICAGO, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Randy Dorsey (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant CITY OF CHICAGO Police Officer Aldo Brown, Star No. 13838, ("Brown") was employed by the CITY OF CHICAGO Police Department, and was acting under color of state law and as the employee, agent, or

1

representative of the CITY OF CHICAGO Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant CITY OF CHICAGO Police Officer George Stacker, Star No. 11034, ("Stacker") was employed by the CITY OF CHICAGO Police Department, and was acting under color of state law and as the employee, agent, or representative of the CITY OF CHICAGO Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**FACTUAL ALLEGATIONS**

7. On or about March 31, 2012, Plaintiff was lawfully in a public place, at the Mobil Exxon Gas Station on 7600 S. Exchange, Chicago, Cook County, State of Illinois.

8. On that day and place Brown and Stacker, City of Chicago Police Officers, dressed in plainclothes with badges visible, stopped and searched Plaintiff while inside the Mobil Gas Station.

9. Plaintiff did not consent to being searched.

10. There was no search warrant for Plaintiff's person.

11. There was no legal cause to search Plaintiff.

12. During their unlawful search, Brown and Stacker asked Plaintiff questions regarding marijuana possession, to which Plaintiff denied marijuana possession.

13. Upon answering Brown and Stacker's questions regarding marijuana possession, Plaintiff, without provocation, warning or legal justification, was punched and/or struck in the face, mouth and/or jaw by Brown.

14. There was no legal cause for Brown to use force against Plaintiff.

15. Stacker witnessed Brown use force against Plaintiff.

16. Stacker failed to take any action to protect Plaintiff from the force used by Brown.

17. Subsequent to Plaintiff being struck in the face, Brown and Stacker demanded Plaintiff's Identification, for which Plaintiff promptly complied.

18. Stacker, subsequent to Brown using unlawful force against Plaintiff, continued his unlawful search of Plaintiff.

19. Brown and Stacker checked Plaintiff's identification, returned the identification to Plaintiff and left the Mobil Station.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

21. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff Against Brown for
### EXCESSIVE FORCE

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. During and immediately after questioning Plaintiff, Brown used excessive force against Plaintiff's person.

25. There was no legal cause for Brown to use force against Plaintiff.

26. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

27. The physical violence inflicted upon Plaintiff by Brown was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Brown is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff Against Stacker For
### FAILURE TO PROTECT

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

29. Brown used excessive force against Plaintiff's person.

30. There was no legal cause for Brown to use force against Plaintiff.

31. Stacker had the ability and opportunity to stop Brown from using excessive force against Plaintiff but failed to do so.

32. By reason of these acts and/or omissions of Stacker, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

33. The physical violence inflicted upon Plaintiff by Brown was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth Amendment Rights. Therefore, Stacker is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Against Brown and Stacker for
### UNREASONABLE SEARCH

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

35. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

36. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) the forcible search of Plaintiff's person .This act was in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in their individual capacity are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

5

## COUNT IV
## Plaintiff Against Brown
## and the City of Chicago For
## The Supplemental Claim Of BATTERY

37. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully alleged at this place.

38. Brown, without any legal cause, used force against Plaintiff's person.

39. The use of force by Brown against Plaintiff's person constituted a battery to Plaintiff.

40. As a result of the battery, Plaintiff was injured physically, emotionally, and otherwise.

41. The City of Chicago is liable to Plaintiff for the acts of Brown pursuant to the doctrine of *respondeat superior*.

42. Therefore, Brown and the City of Chicago are liable under the supplemental state law claim of Battery.


WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jonathan D. Wassell
Jonathan D. Wassell
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jwassell@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Jonathan D. Wassell
Jonathan D. Wassell
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jwassell@efox-law.com